# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| Keiry Melany MELENDEZ de Segovia, on behalf of herself and her minor children, C.S.S-M, F.I.S-M, and K.S.S-M, South Texas Family Residential Center, 1925 W. Hwy 85, Dilley, Texas 78017, <br><br> *Plaintiff,* <br><br> v. <br><br> Jeh C. JOHNSON, Secretary of Homeland Security, Washington, D.C. 20528; Loretta LYNCH, Attorney General of the United States, 950 Pennsylvania Ave., NW, Washington, D.C. 20520; Sarah SALDAÑA, Director, U.S. Immigration Customs & Enforcement, 500 12th Street, S.W. Washington, D.C. 20536-5009; Juan P. OSUNA, Director, Executive Office for Immigration Review, Washington, D.C. 20004; Léon RODRÍGUEZ, Director, U.S. Citizenship and Immigration Services; Henry LUCERO, Field Office Director, San Antonio ICE Field Office, 8940 Fourwinds Dr., San Antonio, TX 78239; John LAFFERTY, Chief, Asylum Division, U.S. Citizenship and Immigration Services, Refugee, Asylum & International Operations Directorate Washington, D.C. 20529, <br><br> *Defendants.* | Civil Action No.: 15-cv-2019 |

**VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF**

## Introduction

1. Keiry Melendez de Segovia is a citizen of El Salvador who has been detained with her three children at the South Texas Family Residential Center in Dilley, Texas since October 4, 2015. Fearing that she and her children will be at risk of serious harm if forced to return to El Salvador, Ms. Melendez has expressed her intent to seek asylum in the United States.

2. Following her most recent screening interview, Defendant USCIS determined that Ms. Melendez did not have a significant possibility of prevailing on her claim for asylum and rendered a negative decision.

3. Despite her statutory and regulatory right to have an immigration judge review that decision, Defendants USCIS and EOIR have refused to facilitate that process. Consequently, Ms. Melendez and her three children are at imminent risk of deportation by Defendant ICE.

4. Ms. Melendez seeks declaratory, injunctive and mandamus relief to compel the Defendants to provide her with the statutorily required hearing.

## Subject Matter Jurisdiction

5. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (Mandamus and Venue Act). Jurisdiction lies to grant declaratory pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act). The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

## Venue

6. This District is the proper venue pursuant to 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities, and their principal places of business are located in this District.

## Parties

7. Plaintiff Keiry Melany Melendez de Segovia is a native and citizen of El Salvador. She brings this action on behalf of herself and her minor children, C.R.S-M, F.I.S-M, and K.S.S-M. Together, they fled El Salvador seeking protection from persecution they suffered and fear they will continue to suffer if they are forced to return to El Salvador.

8. Defendant Jeh C. Johnson is the Secretary of the Department of Homeland Security (DHS) and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

9. Defendant Loretta Lynch is the Attorney General of the United States and the head of the U.S. Department of Justice (DOJ). She shares responsibility for the administration and enforcement of the immigration laws. She is sued in her official capacity.

10. Defendant Sarah Saldaña is the Director of U.S. Immigration Customs & Enforcement (ICE), a component of DHS. In that capacity, she has direct authority over all ICE policies, procedures and practices relating to the detention and deportation of noncitizens. She is sued in her official capacity.

11. Defendant Henry Lucero is the Field Office Director of the ICE Field Office for San Antonio. He exercises authority over ICE activities in the San Antonio region. He is sued in his official capacity.

12. Defendant Léon Rodríguez is Director of U.S. Citizenship and Immigration Services (USCIS), a component of DHS. In that capacity, he has direct authority over all USCIS policies, procedures and practices relating to credible fear interviews. He is sued in his official capacity.

13. Defendant Juan P. Osuna is the Director of the Executive Office for Immigration Review (EOIR), the federal agency within DOJ that operates the immigration courts. He is responsible for the supervision of the Deputy Director, the Chairman of the Board of Immigration Appeals, the Chief Immigration Judge, the Chief Administrative Hearing Officer, and all EOIR agency personnel in the execution of their duties. He is sued in his official capacity.

14. Defendant John Lafferty is Chief of the Asylum Division of USCIS. In this capacity, he manages the U.S. affirmative asylum process, which allows individuals who are already in the United States or at a port of entry to remain here because they have been persecuted or fear persecution. He is sued in his official capacity.

**Statutory and Regulatory Framework**

15. The Immigration and Nationality Act (INA) permits the removal of people apprehended at or near the United States border through an expedited process. *See* 8 U.S.C. § 1225(b)(1)(A)(i) (permitting certain persons who are seeking admission at the border to be expeditiously removed); 8 U.S.C. § 1225(b)(1)(A)(iii) (authorizing the Attorney General to apply expedited removal provisions to certain inadmissible noncitizens located within the United States); *see* 69 Fed. Reg. 48,877 (Aug. 11, 2004) (permitting the Attorney General to pursue expedited removal against persons apprehended within 100 miles of the border and present in the United States for less than 14 days).

16. However, Congress built protections into the statute to prevent the mistaken deportation of refugees. Recognizing the high stakes involved in returning people to countries where they might face persecution, Congress created very specific procedures to adjudicate asylum claims within the expedited removal process.

17. Section 235(b) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b), governs the procedure for expedited removals. If an immigration officer determines that a noncitizen is an applicant for admission and inadmissible under specified provisions of the INA, then the immigration officer "shall order the alien removed from the United States[.]" 8 U.S.C. § 1225(b)(1)(A)(i).

18. There is no "hearing or review" of the expedited removal order "unless the alien indicates either an intention to apply for asylum … or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). When a noncitizen expresses such an intention or fear, then the immigration officer "shall refer the alien for an interview by an asylum officer under subparagraph (B)" of the statute. 8 U.S.C. § 1225(b)(1)(A)(ii).

19. Subparagraph (B) screenings are commonly referred to as credible fear interviews. *See* 8 C.F.R. § 208.30. The stakes in credible fear interviews are high because "if the officer determines that an alien does not have a credible fear of persecution, the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

20. The statutory design of the credible fear process is transparent and plainly prescribed: An asylum officer, who has the sole authority to conduct a credible fear interview, 8 U.S.C. § 1225(b)(1)(B)(i), renders a positive or negative determination at the conclusion of the interview regarding whether an applicant has demonstrated a

"credible fear." 8 U.S.C. §§ 1225(b)(1)(B)(ii), (iii)(I).

21. The statute requires all negative determinations to be in writing. 8 U.S.C. § 1225(b)(1)(B)(iii)(II). The regulations require that all determinations – positive and negative – be in writing. *See* 8 C.F.R. § 208.30(e)(1). "The asylum officer *shall* create a written record of his or her determination, including a summary of the material facts as stated by the applicant, any additional facts relied on by the officer, and the officer's determination of whether, in light of such facts, the alien has established a credible fear of persecution or torture." 8 C.F.R. § 208.30(e)(1) (emphasis added).

22. The law requires that all negative credible fear determinations be administratively reviewed by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III). "The Attorney General shall provide by regulation and upon the alien's request for prompt review by an immigration judge of a determination under subclause (I) that the alien does not have a credible fear of persecution." *Id.* The "review shall include an opportunity for the alien to be heard and questioned by the immigration judge[.]" *Id.* The statute also requires that the review take place within seven (7) days of a negative credible fear determination. *Id.*

23. The Attorney General "provide[d] by regulation" that unless an applicant explicitly declines immigration judge review, "[t]he asylum officer's negative decision regarding credible fear shall be subject to review by an immigration judge[.]" 8 C.F.R. § 1208.30(g)(2)(i).

24. The immigration judge's decision "is final and may not be appealed." 8 C.F.R. § 1208.30(g)(2)(iv)(A). However, an immigration judge "may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in

which he or she has made a decision[.]" 8 C.F.R. § 1003.23(b)(1).

25. Likewise, an asylum officer may reconsider a negative determination. 8 C.F.R. § 1208.30(g)(2)(iv)(A). Upon reconsideration, the noncitizen is entitled to a new interview, and the mandatory procedural protections afforded an individual who seeks re-interview in the first instance. A new interview under 8 U.S.C. § 1225(b)(1)(B) must be conducted, and a new determination must be made. If there is a negative determination, then a written record is required, 8 U.S.C. § 1225(b)(1)(B)(iii)(II), and the applicant has a right to administrative review by an immigration judge, 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

26. Longstanding agency policy makes clear that when a non-citizen requests and receives a credible fear interview, the procedural protections set forth by statute and regulation, including the right to seek administrative review of any negative credible fear determination attach. *See* Michael A Benson, Executive Assoc. Commissioner for Field Operations, Immigration & Naturalization Service, Memorandum, *Expedited Removal: Additional Policy Guidance* (Dec. 30, 1997) ("Re-interviews will occur when the Office of International Affairs determines that the alien has made a reasonable claim that compelling new information concerning the case exists and should be considered. Districts should cooperate by continuing to detain the alien until the second adjudication, and potentially also a second review by the immigration judge, is completed.").

**Facts**

27. Ms. Melendez is a citizen of El Salvador. She was born on December 1, 1988. Her children, C.R.S-M, F.I.S-M and K.S.S-M, are all minors.

28. Except as otherwise indicated, the factual basis for the claims of Ms. Melendez' minor children is the same as that set forth for Ms. Melendez.

29. In October 2015, Ms. Melendez fled El Salvador with her children because she feared that all of their lives were in danger.

30. On or about October 4, 2015, Ms. Melendez and her children were apprehended by the U.S. government while attempting to enter the United States near McAllen, Texas.

31. On or about October 5, 2015, the U.S. government entered an expedited removal order against Ms. Melendez and each of her children.

32. On or about October 5, 2015, Ms. Melendez expressed fear and an intent to seek asylum.

33. On or about October 12, 2015, the government transferred Ms. Melendez and her three children from the McAllen, Texas Border Patrol station to the South Texas Family Residential Center in Dilley, Texas.

34. On October 14, 2015, a USCIS asylum officer conducted a credible fear interview of Ms. Melendez with her children present.

35. On October 16, 2015, a USCIS asylum officer prepared a written determination stating that the "INS has determined that you do not have a credible fear of persecution or torture[.]"

36. On or about October 16, 2015, Ms. Melendez requested review of USCIS's negative finding, and USCIS issued Ms. Melendez Form I-863, Notice of Referral to Immigration Judge, stating, "the alien has requested review of that determination in accordance with section 236(b)(1)(B)(iii)(III) of the Act."

37. On October 20, 2015, an immigration judge with the Executive Office of Immigration Review, presided over an administrative review of Ms. Melendez's case by video conference from Miami, Florida. The immigration judge affirmed the negative fear determination.

38. On November 5, 2015, Ms. Melendez requested reconsideration of the negative fear determination by the USCIS asylum office.

39. On November 6, 2015, the USCIS asylum office granted her request for reconsideration based on "its own discretion" and noted that such a determination is made "where information comes to its attention that it believes warrants such action." 8 C.F.R. § 1208.30(g)(2)(iv)(A). Based on that finding, USCIS scheduled a new credible fear interview.

40. On November 7, 2015, a USCIS asylum officer initiated a credible fear interview that was interrupted because Ms. Melendez's child was very ill. The interview was continued to November 9, 2015.

41. On November 9, 2015, a USCIS asylum officer completed the credible fear interview of Ms. Melendez under 8 U.S.C. § 1225(b)(1)(B).

42. On November 9, 2015, the USCIS asylum officer concluded that Ms. Melendez had testified credibly. At the conclusion of the interview, the asylum officer told Ms. Melendez that if "the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made."

43. On November 9, 2015, the USCIS asylum officer concluded that Ms. Melendez did not establish that her fear of harm was related to a protected asylum ground. The asylum officer prepared a written determination of the negative credible fear finding under 8 U.S.C. § 1225(b)(1)(B)(iii)(II).

44. On or about November 9, 2015, immigration officers served the record of determination on Ms. Melendez.

45. On or about November 9, 2015, Ms. Melendez requested review by an immigration judge under 8 U.S.C. § 1225(b)(1)(B)(iii)(III) and 8 C.F.R. § 1208.30(g).

46. On or about November 9, 2015, the immigration officials refused to provide a referral to the immigration judge to review the negative determination.

47. No Defendant has undertaken any action to ensure that Ms. Melendez is afforded administrative review of the negative credible fear determination dated November 9, 2015.

48. On or about November 12, 2015, immigration officials informed Ms. Melendez that ICE refuses to refer her case to an immigration judge for review of the negative determination because it is the agency's position that she is not entitled to administrative review and she would be scheduled for deportation.

49. On or about November 13, 2015, Ms. Melendez filed a motion with the Executive Office of Immigration Review requesting review under 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

50. On November 16, 2015, DHS filed an opposition brief stating that Ms. Melendez is not entitled to administrative review, erroneously relying upon 8 C.F.R. § 235.3(b)(7), which applies to review of expedited removal orders. DHS also erroneously stated that Ms. Melendez is a Mexican national.

51. On November 17, 2015, EOIR refused to perform the administrative review function and denied Ms. Melendez a hearing. Recognizing that USCIS granted Ms. Melendez a new credible fear interview pursuant to 8 C.F.R. § 1208.30(g)(2)(iv)(A), EOIR declined to review that determination because she "does not have the opportunity for any further review by statute or regulation."

52. In fact, the regulations governing credible fear determinations state that the asylum officer's negative credible fear determination "shall be" subject to review by an immigration judge if the alien requests administrative review. 8. C.F.R. § 208.31(g).

53. On November 17, 2015, ICE initiated the removal of Ms. Melendez and her children and advised that they intended to deport her without any administrative review. Immigration officials took Ms. Melendez and her children to an airport to be placed on a plane that would remove them to El Salvador, but due to the severe illness of one of her children, the officials removed Plaintiff and her family from the flight at the last minute.

**Declaratory and Injunctive Relief Allegations**

54. An actual and substantial controversy exists between Plaintiff and the Defendants as to their respective legal rights and duties. Plaintiff contends that Defendants' actions violate her rights and those of her children.

55. Defendants' denial of Ms. Melendez' statutory right to a meaningful hearing before an immigration judge has subjected Plaintiffs to concrete, ongoing, and irreparable harm. They have been deprived of their liberty and risk imminent deportation. Plaintiffs have no adequate remedy at law.

56. Ms. Melendez made requests for review of her negative credible fear

determination with USCIS, ICE, and EOIR. All her requests for the statutorily required administrative review were denied.

57. Neither the INA nor the applicable regulations provide for an administrative appeal of such a denial. Accordingly, Plaintiffs have exhausted their administrative remedies.

58. Under 5 U.S.C. §§ 702 and 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy in a court of law.

59. Based on the foregoing, the Court should grant declaratory and injunctive relief under 28 U.S.C. §§ 2201, 2202, 5 U.S.C. § 702, and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361.

## Claims for Relief
### Count I: Violation of the Administrative Procedure Act – USCIS Asylum Office

60. All previous paragraphs are incorporated as though fully set forth herein.

61. The INA and applicable regulations require that USCIS refer a case to an immigration judge for review of a negative credible fear determination when requested by an applicant.

62. On November 9, 2015, Ms. Melendez communicated her desire for administrative review of the November 9, 2015 negative credible fear determination, triggering immigration officials' obligation to refer her claim to an immigration judge for administrative review.

63. At no time did Ms. Melendez communicate to any immigration wished to give up her right to administrative review of the November 9, 2015 negative credible fear determination.

64. USCIS' failure to refer Ms. Melendez' case to the immigration judge for administrative review constitutes unlawfully withheld agency action, is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*.

65. Plaintiffs have suffered final agency action reviewable under 5 U.S.C. § 704 and have exhausted all available remedies.

66. Ms. Melendez and her children are suffering concrete, ongoing, and irreparable harm as a result of USCIS' failure to refer her claim to an immigration judge. Specifically, they have been deprived of their liberty and risk imminent deportation.

67. Accordingly, Plaintiffs seek a declaration that USCIS has unlawfully withheld agency action by failing to refer her claim for administrative review by an immigration judge as required by statute and regulations.

### Count II: Violation of the Administrative Procedure Act – EOIR

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The INA and applicable regulations require that an immigration judge review a negative credible fear determination when requested by an applicant.

70. On November 12, 2015, Ms. Melendez triggered EOIR's obligation under 8 U.S.C. § 1225(b)(1)(B)(iii)(III) to conduct administrative review of her negative credible fear determination.

71. EOIR's failure to conduct administrative review that comports with the statute and regulations constitutes unlawfully withheld agency action, is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*.

72. Ms. Melendez and her children are suffering immediate, concrete, ongoing, and irreparable harm as a result of EOIR's failure to conduct administrative review. Specifically, they have been deprived of their liberty and risk imminent deportation.

73. Accordingly, Ms. Melendez seeks a declaration that EOIR has unlawfully withheld agency action by refusing to conduct administrative review as required by 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

### Count III: Writ of Mandamus
### To Compel Referral to EOIR for Administrative Review – USCIS Asylum Office

74. All previous paragraphs are incorporated as though fully set forth herein.

75. USCIS' failure to refer Ms. Melendez' case to the immigration judge for review violates the INA, applicable regulations, and the APA. Ms. Melendez has a clear right to the relief requested.

76. The regulations establish a mandatory duty to afford Ms. Melendez administrative review of a negative credible fear determination.

77. Ms. Melendez has no other adequate remedy at law.

78. Accordingly, Ms. Melendez seeks a writ of mandamus ordering Defendants to refer her negative credible fear determination to an immigration judge for administrative review.

### Count IV: Writ of Mandamus
### To Compel Cessation of Interference with Administrative Review – ICE

79. All previous paragraphs are incorporated as though fully set forth herein.

80. ICE's failure to ensure that Ms. Melendez' case is referred to the immigration judge, or to refer Ms. Melendez' case to an immigration judge for review violates the INA, applicable regulations, and the APA. Ms. Melendez has a clear right to the relief

requested.

81. The regulations establish a mandatory duty on behalf of ICE to ensure that Ms. Melendez receives administrative review of a negative credible fear determination.

82. The regulations prohibit ICE from interfering with Ms. Melendez's right to administrative review of a negative credible fear determination.

83. Ms. Melendez has no other adequate remedy at law.

84. Accordingly, Ms. Melendez seeks a writ of mandamus ordering Defendants to refer her negative credible fear determination to an immigration judge.

### Count V: Writ of Mandamus
### To Compel Administrative Review - EOIR

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The statute and regulations establish a mandatory duty upon the immigration judge to afford Ms. Melendez administrative review of a negative credible fear determination.

87. EOIR's failure to conduct administrative review in Ms. Melendez and her children's case violates the INA, applicable regulations, and the APA. Ms. Melendez has a clear right to the relief requested.

88. Ms. Melendez and her children have no other adequate remedy at law.

89. Accordingly, Ms. Melendez seeks a writ of mandamus ordering EOIR to hold a hearing as required by 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

### Count VI - Violation of the Fifth Amendment's Due Process Clause

90. All previous paragraphs are incorporated as though fully set forth herein.

91. Defendants' failure to refer Ms. Melendez's claim to an immigration judge and to hold a hearing violates her right to due process under the Fifth Amendment of the U.S.

Constitution.

## Request for Relief

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A.  Declare that Defendants' failure to refer her claim to an immigration judge for administrative review constitutes an unlawful withholding of agency action in violation of the Administrative Procedure Act;

B.  Declare that EOIR's refusal to conduct administrative review constitutes unlawful withholding of agency action in violation of the Administrative Procedures Act;

C.  Declare that Defendants' failure to refer her claim and to conduct administrative review constitutes a violation of her constitutionally protected liberty interest without due process of law;

D.  Issue a writ of mandamus compelling Defendants to refer Plaintiffs' claim for administrative review, to be completed within 7 days;

E.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

F.  Award all other relief to Plaintiff that it deems just, equitable, and proper.

Dated:  November 18, 2015                Respectfully submitted,

/s/ *Stephen W Manning*
**STEPHEN W MANNING***
IMMIGRANT LAW GROUP PC
333 SW Fifth Avenue Suite 525
Portland OR 97204
503.241.0035 (tel)
503.241.7733 (fax)
smanning@ilgrp.com

/s/ *Maria E. Andrade*
**MARIA E. ANDRADE***

ANDRADE LEGAL
3775 Cassia St.
P.O. Box 2109
Boise, Idaho 83701
(208) 342-5100 (tel)
(208) 342-5101 (fax)
mandrade@andradelegal.com

*/s/ Melissa Crow*
**MELISSA E. CROW, DC Bar# 453487**
American Immigration Council
1331 G Street, NW, Suite 200
Washington, DC 20005
(202) 507-7523
mcrow@immcouncil.org
*Co-Lead Counsel*

*/s/ R. Andrew Free*
**R. ANDREW FREE, Bar ID TN 30513**
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 244-4345
Andrew@ImmigrantCivilRights.com
*Co-Lead Counsel*

*/s/Manoj Govindaiah*
**MANOJ GOVINDAIAH***
Refugee and Immigrant Center for
Education and Legal Services
5121 Crestway Dr., Ste. 105
San Antonio, TX 78239
(210) 787-3745 (tel)
(210) 787-3745 (fax)
manoj.govindaiah@raicestexas.org